AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of California



**FILED**

5/4/2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    vyc    DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
     Case No.   21MJ8373
Samsung White )
Model: Galaxy S3 )
IMEI: 355431054416167 )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, incorporated herein by reference.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Clayton Narde incorporated herein by reference.

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Border Patrol Agent Clayton Narde
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date:   MAY 3, 2021 _____

_____
*Judge's signature*

City and state:   El Centro, California _____

HON. RUTH BERMUDEZ MONTENEGRO, U.S. MAG. J.
*Printed name and title*

## **ATTACHMENT A**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**                    Motorola (Purple)
                    Model: Moto G9
                    IMEI: Unknown
                    Seized from Mauricio LOPEZ
                    (Target Device #1)



**A-2**:          Q-Touch (Black)
                Model: Q100
                IMEI: 358191093214885
                Seized from Mauricio LOPEZ
                (Target Device #2)





**A-3:**        Samsung Galaxy (Black)
               Model: Galaxy A21
               IMEI: 35225255385767
               Seized from Mauricio LOPEZ
               (Target Device #3)



**A-4:**              Samsung Galaxy (White)
                           Model: Galaxy S3
                           IMEI: 355431054416167
                           Seized from Mauricio LOPEZ
                           (Target Device #4)





**A-5:**                Motorola (Blue)
Model: Moto
IMEI: Unknown
Seized from Mauricio LOPEZ
(Target Device #5)



**A-6:**           Android (Gold)
                   Model: N730
                   IMEI: 355921321653774
                   Seized from Diana BLANCO
                   (Target Device #6)





**A-7:**              Android (Black)
              Model: Wiko
              IMEI: Unknown
              Seized from Diana BLANCO
              (Target Device #7)



**A-8:**                TCL (Black)
Model: Unknown
IMEI: Unknown
Seized from Diana BLANCO
(Target Device #8)



**<u>A-9</u>:**             Apple iPhone (Black)
               Model: XR
               IMEI: Unknown
               Seized from Diana BLANCO
               (Target Device #9)



**<u>A-10</u>:**          Samsung SM-S11DL (Black)
             Model: A01
             IMEI: 357013290582222
             Seized from Diana BLANCO
             (Target Device #10)



**A-11**:              Q-Touch (Black)
Model: Q100
IMEI: 358191093272040
Seized from Pablo PEREZ-Rosalino
(Target Device #11)





**A-12:**                         Motorola (Red)
                                 Model: Moto G7
                                 IMEI: Unknown
                                 Seized from Pablo PEREZ-Rosalino
                                 (Target Device #12)



**A-13:**     Telcel (White/Red)
             Model: Senwa
             IMEI: Unknown
             Seized from Pablo PEREZ-Rosalino
             (Target Device #13)



**A-14:**          Motorola (Teal)
                   Model: Moto E6
                   IMEI: Unknown
                   Seized from Martin RAMIREZ-Nuevo
                   (Target Device #14)



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

ITEMS TO BE SEIZED

Authorization to search the mobile telephones and drone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Device for evidence described below.

The evidence to be seized from the mobile telephones and drone will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of January 24, 2021, up to and including April 24, 2021, and is limited to the following:

a. tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b. tending to identify other facilities, storage devices, or services – such as email addresses, IP addresses, and/or phone numbers – that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d. tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e. tending to identify the user of, or persons with control over or access to, the Target Device;

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

## AFFIDAVIT

I, Clayton Narde, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

### INTRODUCTION

1. I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**          Motorola (Purple)
               Model: Moto G9
               IMEI: Unknown
               Seized from Mauricio LOPEZ
               (Target Device #1)

**A-2:**          Q-Touch (Black)
               Model: Q100
               IMEI: 358191093214885
               Seized from Mauricio LOPEZ
               (Target Device #2)

**A-3:**          Samsung Galaxy (Black)
               Model: Galaxy A21
               IMEI: 35225255385767
               Seized from Mauricio LOPEZ
               (Target Device #3)

**A-4:**          Samsung Galaxy (White)
               Model: Galaxy S3
               IMEI: 355431054416167
               Seized from Mauricio LOPEZ
               (Target Device #4)

**A-5:**          Motorola (Blue)
               Model: Moto
               IMEI: Unknown
               Seized from Mauricio LOPEZ
               (Target Device #5)

1   **A-6:**            Android (Gold)
2                       Model: N730
                        IMEI: 355921321653774
3                       Seized from Diana BLANCO
                        (Target Device #6)
4

5   **A-7:**            Android (Black)
                        Model: Wiko
6                       IMEI: Unknown
7                       Seized from Diana BLANCO
                        (Target Device #7)
8

9   **A-8:**            TCL (Black)
                        Model: Unknown
10                      IMEI: Unknown
11                      Seized from Diana BLANCO
                        (Target Device #8)
12

13  **A-9:**            Apple iPhone (Black)
                        Model: XR
14                      IMEI: Unknown
15                      Seized from Diana BLANCO
                        (Target Device #9)
16

17  **A-10:**           Samsung SM-S11DL (Black)
                        Model: A01
18                      IMEI: 357013290582222
19                      Seized from Diana BLANCO
                        (Target Device #10)
20

21  **A-11:**           Q-Touch (Black)
                        Model: Q100
22                      IMEI: 358191093272040
23                      Seized from Pablo PEREZ-Rosalino
                        (Target Device #11)
24

25  **A-12:**           Motorola (Red)
                        Model: Moto G7
26                      IMEI: Unknown
27                      Seized from Pablo PEREZ-Rosalino
                        (Target Device #12)
28

**A-13:**                        Telcel (White/Red)
Model: Senwa
IMEI: Unknown
Seized from Pablo PEREZ-Rosalino
(Target Device #13)

**A-14:**                        Motorola (Teal)
Model: Moto E6
IMEI: Unknown
Seized from Martin RAMIREZ-Nuevo
(Target Device #14) (collectively "Target Devices")

as further described in Attachment A, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2.    The requested warrant relates to the investigation and prosecution of Mauricio Lopez (LOPEZ) and Diana Blanco (BLANCO) for transportation of illegal aliens Martin Ramirez-Nuevo and Pablo Perez-Rosalino (collectively, the "Material Witnesses") in violation of 8 U.S.C. § 1324 within the Southern District of California.  The Target Devices were seized from LOPEZ, BLANCO, and the Material Witnesses on or about April 23, 2021, incident to their arrests. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3.    Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents.  Dates and times are approximate.

## EXPERIENCE AND TRAINING

4.    I am a United States Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have

been employed as a full-time, sworn federal BPA with the USBP since February 2019, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The 20-week Academy curriculum covers specialized training in the Immigration and Naturalization Act, criminal law, and statutory authority, as well as cross-training in Title 21, United States Code, Controlled Substances law, and in Title 19, United States Code, Customs law.

5.      I am currently assigned to the El Centro Sector Prosecutions Unit.  The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6.      Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, in particular those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California.  I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities.  Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7.     The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens.  For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors.  Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to make smuggling arrangements, receive instructions, and report their locations after crossing.

8.     Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data.  In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9.     This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

a.   tending to indicate efforts to smuggle aliens from Mexico into the United States;

b.   tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c.   tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d.   tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.   tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

11.   On April 23, 2021, at approximately 8:00 a.m., BPA R. Walker and BPA A. Yulo received information over their service radio that the San Diego Sector dispatch (820) received a citizen's report.  The citizen's report indicated that several individuals were observed boarding into a grey Honda Accord (Honda) bearing California license plates near Inkopah, and the Honda was travelling eastbound on Interstate 8 (I-8).

12.   BPA Walker and BPA Yulo observed a vehicle that matched the description of the Honda traveling eastbound on I-8.  BPA Walker and BPA Yulo then drove their service vehicle east on I-8 to towards the Honda and were able to get behind the Honda just east of the Coyote Bridges on I-8.  The Honda's license plate was a match to the license plate called out by Sector Radio Communications. Notification was made to the El Centro Sector dispatch that agents were behind suspect vehicle and were attempting to pull it over.

13.   BPA Walker and BPA Yulo then activated their service vehicle's emergency lights and sirens to signal the Honda to stop and pullover.  While following the Honda,

BPA Walker and BPA Yulo observed two occupants moving around inside of the Honda. When the Honda yielded, BPA Yulo approached the passenger side and identified himself as a BPA. BPA Yulo observed two individuals in the vehicle, a male driver, later identified as Mauricio LOPEZ (LOPEZ), and a female passenger, later identified as Diana BLANCO (BLANCO). BPA Yulo questioned LOPEZ as to his citizenship and LOPEZ stated that he is a United States Citizen. BPA Yulo then questioned BLANCO as to her citizenship. BLANCO stated that she is a United States Citizen and presented her U.S. passport card. BPA Yulo further questioned LOPEZ as to where he was going and where he was coming from. LOPEZ hesitated and displayed very nervous behavior. LOPEZ was fidgeting, looking around, kept looking at BLANCO, and had long pauses to the questions that were being asked. LOPEZ then stated he was coming from San Diego and was traveling to El Centro. BPA Yulo asked LOPEZ for consent to look inside the trunk of the Honda to which LOPEZ did not answer. BPA Yulo asked Lopez a second time for consent to search the trunk of the vehicle. LOPEZ paused and replied nervously, "Why do you need to search the trunk?" BPA Yulo explained to LOPEZ that the Honda he was driving was suspected to be involved in alien smuggling activities. BPA Yulo asked LOPEZ once again for consent to search the trunk of the Honda to which LOPEZ stated that he would not give consent to a search of the trunk. BPA Yulo ordered LOPEZ to exit the Honda and BPA Yulo requested the assistance of a canine handler.

14.    At approximately 8:15 a.m., El Centro Sector Canine (K9) BPA Ramon Lemos arrived on scene. BPA Lemos approached the Honda and identified himself as a BPA. BPA Lemos asked LOPEZ for consent to perform a free air sniff of the exterior of the Honda to which LOPEZ replied, "Yes." After BPA Lemos conducted his K9 search, BPA Lemos notified BPA Yulo that his canine alerted to the trunk of the Honda. Agents then proceeded to open the trunk and discovered two subjects inside the trunk space of the Honda. The two subjects in the trunk were questioned as to their citizenship and both indicated that they were citizens of Mexico without immigration documents to enter, be in, or remain in the United States legally. The two subjects were later identified as Martin

RAMIREZ-Nuevo (RAMIREZ), and Pablo PEREZ-Rosalino (PEREZ). LOPEZ and BLANCO were subsequently placed under arrest for 8 U.S.C. § 1324 Alien Smuggling.

15.   During an inventory search of the Honda by BPA Walker, a purple Motorola cellphone, Target Device #1, was found on the center console. Target Device #1 was claimed by LOPEZ. Four other cellphones: a Q100 (Target Device #2), Samsung Galaxy A21 (Target Device #3), Samsung Galaxy S3 (Target Device #4), and a Motorola Moto (Target Device #5), were found in a backpack that was claimed by LOPEZ.

16.   Further search of the Honda by BPA Walker revealed a suitcase that contained three cellphones: a gold Android (Target Device #6), a black Android (Target Device #7), and a black TCL (Target Device #8). BLANCO claimed these three phones. BLANCO also had a black iPhone (Target Device #9) on her person, and a Samsung SM-S111DL (Target Device #10) in her purse.

17.   A search incident to the arrest of PEREZ conducted by BPA Walker revealed two cellphones on his person; a QTouch Q100 (Target Device #11) and a Motorola Moto G7 (Target Device #12). PEREZ informed agents that he had acquired the QTouch Q100 from a smuggler so that he could communicate with the smuggler as he made he way north into the United States. Another cellphone, a Telcel Senwa (Target Device #13), was discovered in a backpack claimed by PEREZ.

18.   A search incident to the arrest of RAMIREZ by BPA Yulo revealed one cellphone, a Motorola Moto E6 Play (Target Device #14), on his person.

19.   All Target Devices, as identified in Attachment A, were seized as potential evidence. LOPEZ and BLANCO were charged by Complaint on April 26, 2021 in Case No. 21MJ08336-RBM.

20.   Post-arrest, the Material Witness Pablo PEREZ-Rosalino stated he was going to pay $7,000 United States Dollars to be smuggled into the United States. PEREZ was able to identify BLANCO as the passenger of the Honda from a six-pack photo lineup.

21.   Post-arrest, the Material Witness Martin RAMIREZ-Nuevo stated he was going to pay $9,500 United States Dollars to be smuggled into the United States.

RAMIREZ was able to identify LOPEZ as the driver of the Honda from a six-pack photo lineup.  RAMIREZ was also able to identify BLANCO as the passenger of the Honda from a six-pack photo lineup.

22.    The Material Witnesses stated that they had entered the United States illegally by climbing the International Boundary Fence and subsequently getting into the Honda.

23.    Based upon my experience and investigation in this case, I believe that LOPEZ, BLANCO, and the Material Witnesses, and other persons, as-yet-unknown, were involved in an alien smuggling venture and that LOPEZ, BLANCO, and the Material Witnesses used the Target Devices to coordinate with the as-yet-unknown persons to bring the aliens into the United States and/or transport them further into the United States. Additionally, I believe that recent calls made and received, telephone numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures, and other digital information are stored in the memory of the Target Devices, which may identify other persons involved in alien smuggling activities.

24.    I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement.  In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event.  Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts.  Given this, I respectfully request permission to search the Target Devices for data beginning on January 24, 2021, up to and including April 24, 2021, the day after the arrests of LOPEZ and BLANCO.

**METHODOLOGY**

25.    It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device.  Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books, and

can be mini-computers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

26.     Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, drone, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

27.     Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

/ /

/ /

/ /

1

### CONCLUSION

2    28.    Based on all of the facts and circumstances described above, I believe that

3 probable cause exists to conclude that LOPEZ, BLANCO, and the Material Witnesses used

4 the Target Devices to facilitate the offense of alien smuggling.  The Target Devices likely

5 were used to facilitate the offense by transmitting and storing data, specifically that

6 described in Attachment B, which constitutes evidence of violations of Title 8, United

7 States Code, Section 1324.  I also believe that probable cause exists to believe that evidence

8 of illegal activity committed by LOPEZ, BLANCO, the Material Witnesses and others

9 continues to exist on the Target Devices. Therefore, I respectfully request that the Court

10 issue this warrant.

11

12    I swear the foregoing is true and correct to the best of my knowledge and belief.

13

14    _____

15    Clayton Narde, Border Patrol Agent
      United States Border Patrol

16

17    Attested to by the applicant in accordance with the requirements of Fed. R. Crim.

18 P. 4.1 by telephone on this ___3___ day of May, 2021.

19

20    _____

21 HON. RUTH BERMUDEZ MONTENEGRO
   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

11

# ATTACHMENT A
## PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**         Motorola (Purple)
             Model: Moto G9
             IMEI: Unknown
             Seized from Mauricio LOPEZ
             (Target Device #1)



**A-2:**            Q-Touch (Black)
             Model: Q100
             IMEI: 358191093214885
             Seized from Mauricio LOPEZ
             (Target Device #2)





**<u>A-3</u>:**     Samsung Galaxy (Black)
Model: Galaxy A21
IMEI: 35225255385767
Seized from Mauricio LOPEZ
(Target Device #3)



**A-4:**                    Samsung Galaxy (White)
                           Model: Galaxy S3
                           IMEI: 355431054416167
                           Seized from Mauricio LOPEZ
                           (Target Device #4)





**A-5:**          Motorola (Blue)
                Model: Moto
                IMEI: Unknown
                Seized from Mauricio LOPEZ
                (Target Device #5)



**A-6**:  Android (Gold)
Model: N730
IMEI: 355921321653774
Seized from Diana BLANCO
(Target Device #6)





**A-7:**            Android (Black)
            Model: Wiko
            IMEI: Unknown
            Seized from Diana BLANCO
            (Target Device #7)



**A-8:**           TCL (Black)
                  Model: Unknown
                  IMEI: Unknown
                  Seized from Diana BLANCO
                  (Target Device #8)



**A-9:**              Apple iPhone (Black)
                    Model: XR
                    IMEI: Unknown
                    Seized from Diana BLANCO
                    (Target Device #9)



**A-10:**          Samsung SM-S11DL (Black)
Model: A01
IMEI: 357013290582222
Seized from Diana BLANCO
(Target Device #10)



**A-11**:             Q-Touch (Black)
                     Model: Q100
                     IMEI: 358191093272040
                     Seized from Pablo PEREZ-Rosalino
                     (Target Device #11)





**A-12:**             Motorola (Red)
                     Model: Moto G7
                     IMEI: Unknown
                     Seized from Pablo PEREZ-Rosalino
                     (Target Device #12)



**A-13:**        Telcel (White/Red)
Model: Senwa
IMEI: Unknown
Seized from Pablo PEREZ-Rosalino
(Target Device #13)



**A-14:**                    Motorola (Teal)
                            Model: Moto E6
                            IMEI: Unknown
                            Seized from Martin RAMIREZ-Nuevo
                            (Target Device #14)



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the mobile telephones and drone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Device for evidence described below.

The evidence to be seized from the mobile telephones and drone will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of January 24, 2021, up to and including April 24, 2021, and is limited to the following:

a.  tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.  tending to identify other facilities, storage devices, or services – such as email addresses, IP addresses, and/or phone numbers – that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.  tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.  tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.  tending to identify the user of, or persons with control over or access to, the Target Device;

f.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.